Jasen, J. (dissenting).
I cannot agree with the majority that the failure of the trial court to provide a free transcript of the suppression hearing minutes is harmful error per se requiring an automatic reversal.
The record on this appeal conclusively indicates that even had the defense counsel been given the hearing minutes, such would not have affected the outcome of the trial since there was an absence of any inconsistency between the testimony of the witnesses at the suppression hearing and at the trial. Nor are the appellants able to point to a single specific instance in which possession of the transcript could have been of any value whatsoever, in either conducting or planning the cross-examination of the People’s witnesses, although opportunity has now been had to examine the transcript. Where the People demonstrate, as here, that no possible prejudice results from the failure to provide a transcript, there has been no denial of equal protection and, therefore, the error is harmless. (Code Grim. Pro., § 542.) Since no substantial constitutional right has been denied appellant, a useless second trial should not be mandated.
Automatic reversal of a judgment of conviction should not apply to all constitutional errors because ‘ ‘ there may be some constitutional errors which in the setting of a particular case are so unimportant and insignificant that they may, consistent with the Federal Constitution, be deemed harmless ”. (Chapman v. California, 386 U. S. 18, 21, 22; see, also, Harrington v. California, 395 U. S. 250.)
Where the error does not fall into the classes of constitutional error inherently prejudicial in nature, requiring the automatic *538 reversal of the conviction, the court should carefully examine the record to determine whether prejudice resulted.
Of course, there are some constitutional rights so basic to a fair trial, such as denial of right to counsel (Gideon v. Wainright, 372 U. S. 335), or admission of a coerced confession (Haynes v. Washington, 373 U. S. 503), that their denial can never be treated as harmless error. However, such is not the case here.
On the record before us, it is clear that the denial of the suppression hearing transcript to these defendants did not result in any prejudice and should be held harmless error beyond a reasonable doubt. A statement from the majority opinion in People v. Rosario (9 N Y 2d 286) seems particularly pertinent to this case. In Rosario, a capital case, the trial court incorrectly refused to provide defense counsel with all of the witnesses’ previous testimony. In affirming the conviction, this court held 1‘ in view of the overwhelming proof of guilt and the absence of any real inconsistency between prior statements and trial testimony, that the jury would not have decided the case differently even if defense counsel had the use of the statements in question. In other words, it may not be said that any substantial right of the appellant was prejudiced by the trial court’s erroneous ruling.” (9 N Y 2d, at p. 291.)
For these reasons, I would affirm the judgment of conviction.
Chief Judge Fuld and Judges Burke, Bergan and Gibson concur with Judge Scileppi; Judge Jasen dissents and votes to affirm in a separate opinion in which Judge Bbeitel concurs.
Judgment reversed, etc.